**RECEIVED**

OCT 05 2008

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

Court File No.: *08cv 5404 RHK/AJB*

### CASE TYPE: VIOLATION OF TITLE II OF THE

### A.D.A. AND PERSONAL INJURIES

David Thill, Debra Thill

        plaintiffs,

vs.

        **COMPLAINT**

        **WITH JURY TRIAL DEMAND**

Olmsted County Housing and

Redevelopment Authority, and

The Minnesota Housing Authority,

and The State of Minnesota,

        defendants

---

### JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. § 1331,  §1343.

2. The A.D.A. applies to the County and State of Minnesota because they are each a public entity as defined by Title II.  42 U.S.C. §12131 (1), 28 C.F.R. § 35.104.

3. In addition the U. S. Supreme Court Decision Tennessee v. Lane

### PARTIES

4. Plaintiff David Thill is a natural person residing at 3096 25th Street N.W., Apt. 121, Rochester, in the County of Olmsted, State of Minnesota.

5. Plaintiff Debra Thill is a natural person residing at 3096 25th Street N.W., Apt. 121, Rochester, in the County of Olmsted, State of Minnesota.

SCANNED

OCT 08 2008

U.S. DISTRICT COURT ST. PAUL

6. Olmsted County Housing and Redevelopment Authority is located in Olmsted County, in the State of Minnesota; their mailing address is Olmsted Housing & Redevelopment Authority, 2122 Campus Drive S.E., Suite100, Rochester, MN 55904-4744. The address of the employee's of Section Eight Housing are unknown.

7. The Minnesota Housing Authority is located in Minnesota and oversees Olmsted County Housing and Redevelopment Authority. Their mailing address and director is Dexter Sidney, Section Eight Housing, 920 2nd Avenue South, Suite 1300, Minneapolis, MN 55402.

8. The address for the Minnesota State Attorney General's Office is 1400 Bremer Tower, 445 Minnesota Street, Saint Paul, MN 55101.

## FACTUAL ALLEGATIONS

9. Plaintiffs Debra and David Thill believe that the County and the Minnesota State Agency that oversees Olmsted County Housing and Redevelopment Authority has violated several parts of Title II of the A.D.A.

10. The plaintiffs have requested additional space in their rental unit for medical reasons for several years. The requests have been backed up with medical documentation.

11. Plaintiffs were allowed to have an extra bedroom based on plaintiff Debra Thill's medical need up until the middle of June of 2003.

12. During the summer of 2003 when the plaintiffs moved to Rochester, the plaintiffs were separated; however, once they reconciled, they requested for an additional bedroom based on plaintiff Debra Thill's medical needs.

13. Plaintiff David Thill was told by several doctors from the University of Minnesota that he needed additional space for health equipment. This was backed up by medical documentation.

14. Every year the plaintiffs are re-certified at which time they mark the box on the application that they need special accommodations as well as include an attached note concerning their medical needs; every year they are denied. In several separate letters in 2006, the plaintiffs wrote requesting the extra space.

15. The plaintiffs even contacted the Minnesota Housing Authority in the fall of 2007; they personally contacted Mr. Bast as well as Dexter Sidney concerning these matters. In fact, Mr. Bast was very abrasive to plaintiff David Thill.

16. Based on the fact that plaintiff David Thill has not been allowed to have the health

equipment that the University of Minnesota has stated that he needs, he may be required to have a tenth knee surgery. This is because without the health equipment plaintiff David Thill has lost over fifty percent of his muscle mass in his right leg. Because of this, the plaintiff could basically be facing replacing the artificial knee he currently has in his right knee with one that is more ridged. This would be very negative according to the doctors as these types of artificial knees do not last very long. That is why plaintiff David Thill has been told by doctors that this should be avoided if possible as it would be very negative if he had one of these artificial knees implanted.

17. Plaintiff Debra Thill still suffers severe headaches as well as severe back problems which are impacted on certain days when plaintiff David Thill enters or exits their bed. As this disrupts Debra Thill's sleep which then impacts the plaintiff's relationship as husband and wife.

18. Debra and David Thill, the plaintiffs, have notified the U.S. Department of Justice of the following violations and in no way compromises any and all action that they may or may not take.

19. The plaintiffs moved back to Minnesota in August of 2007 for family reasons with the intent to move back to California as soon as possible. Based on this, they requested that they not be absorbed into Olmsted County Section Eight System; this request was based on two facts. First, from June 2003 through September 2006, they were not absorbed into Olmsted County's Section Eight System as Stearns County covered the cost for the plaintiffs to be on Section Eight Housing. Next, since they have been absorbed into Olmsted County's Section Eight System and once the plaintiffs have the resources to move back to California for medical reasons, Section Eight Housing of Santa Barbara County does not have to allow the plaintiffs to port back to their County and be absorbed into their Section Eight System. The plaintiffs were told in a not pleasant manner that they did not have the right to even request not to be absorbed into Olmsted County's Section Eight System.

20. The plaintiffs were also not allowed to use their housing voucher from Santa Barbara County Section Eight for the Month of September of 2007, which Santa Barbara County issued to the plaintiffs.

## CAUSES OF ACTION

21. Plaintiff incorporate by reference paragraphs 1 through 20 as though fully stated herein.

## VIOLATIONS OF TITLE II OF THE A.D.A.
## ARE AS FOLLOWS

PROVIDE ADEQUATE HOUSING

Although several doctors have stated that the plaintiffs need extra space for medical reasons, Olmsted County Housing and Redevelopment Authority as well as the Minnesota Housing Authority have failed to provide this extra space, basically providing them a voucher for a three bedroom unit.

BATHROOMS

The plaintiffs claim that there are no unisex bathrooms available in the building that Olmsted County Section 8 Housing Authority is operated out of, basically a bathroom where a personal care giver of the opposite sex can assist a handicapped individual. Although the A.D.A. does not require all bathrooms to be of this type, it does require signage as to where they may be found, and there is also a certain percentage that need to be of this type.

ENTRANCES

The public entrances for the building that houses Section Eight Housing are not properly marked or directions indicating as to where the public parking is; in fact, a lot of people use the employee entrances because of this.

PARKING

The public parking lot at the Olmsted Government Building that houses Section Eight Housing does not provide the correct percentage of handicap parking, which is required by Title II of the Americans with Disabilities Act.

OTHER VIOLATIONS

There may be other violations which the U.S. Department of Justice may discover in their compliance investigation.

### PERSONAL INJURY

At the current time, the plaintiff David Thill, who doctors at the University of Minnesota, has a doctor who states that in the past year David Thill has lost more than fifty percent of the muscle mass in his right leg. Unless this is reversed, the plaintiff David Thill will need to have his artificial knee that he currently has replaced with one that is much more ridged and will not last very long. Based on a number of medical reasons, Doctor Laprade from the University stated

this should be avoided at all costs. A few of the reasons are that they would not last for more than a few years and a person is limited to just one or two of these knees. This combined with his young age does not make him a good candidate for this type of knee replacement. In addition, Plaintiffs Debra and David Thill have suffered actual damages, emotional distress, loss of sleep, anxiety, and hopelessness. This has also affected the plaintiff's relationship as husband and wife as well as their relationship with their daughter  because they all are constantly worrying that the plaintiff David Thill will require more surgery on his right knee.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby demand a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. Pro. 38.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court enter judgment as follows:

## COMPLIANCE

Require the defendants to bring all facilities that they are involved with up to all A.D.A. rules and regulations within six months,which are then inspected and approved by the U.S. Department of Justice.

## PERSONAL INJURY

- Award the plaintiffs Debra and David Thill Ten Million Dollars each, and

- Require the defendants to cover all medical expenses, and

## PUNITIVE DAMAGES

- Award Plaintiffs Debra and David Thill Thirty Million Dollars each; and

## SUCH OTHER RELIEF

●      for such other and further relief as may be just and proper.

Dated this ___8___ day of October 2008.

Debra J. Thill
Pro Se
3096 25th Street N.W., Apt. 121
Rochester, MN 55901
Phone (805) 944-8768

David L. Thill
Pro Se
3096 25th Street N.W., Apt. 121
Rochester, MN 55901
Phone (805) 944-8768