# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

David Thill and Debra Thill,

                                Plaintiffs,

                                                    Civ. No. 08-5404 (RHK/AJB)
                                                    **MEMORANDUM OPINION AND
                                                    ORDER**

v.

Olmsted County Housing and
Redevelopment Authority,

                                Defendant.

David and Debra Thill, Plaintiffs *pro se*, Rochester, Minnesota.

Gregory J. Griffiths, Dunlap & Seeger, Rochester, Minnesota, Olmsted County
Attorney's Office, Rochester, Minnesota, for Defendant.

## INTRODUCTION

Plaintiffs David and Debra Thill (the "Thills") allege that Defendant Olmsted
County Housing and Redevelopment Authority ("the County") has discriminated against
them in violation of federal and state law.  This matter comes before the Court on the
County's Motion for Summary Judgment.  For the reasons set forth below, the Court will
grant the Motion.

## BACKGROUND

The County operates a Section 8 housing program funded by the United States
Department of Housing and Urban Development.  (Lueders Aff. ¶ 2.)  This program
offers housing vouchers to qualified persons to offset monthly rental payments.  42

U.S.C. § 1437f.  The Thills received Section 8 housing benefits from 2003 to 2006, at which time they moved to California.  (Thill Dep. Tr. at 4, 29.)  They returned to Minnesota in 2007 and once again began to receive Section 8 benefits from the County.  (Id. at 36; Lueders Aff. ¶ 10.)

Recipients of Section 8 housing vouchers may request accommodations in order to address their disabilities.  (Lueders Aff. ¶ 3.)  According to the County policy, persons seeking such accommodations must complete an application.  (Id. ¶ 4.)  An Occupancy Standard Exception Verification ("OSEV") form is then sent to the applicant's identified medical provider(s).  (Id. ¶ 5.)  The OSEV form requires medical providers to opine whether the applicant's requested accommodation is medically necessary and whether a different accommodation would meet the applicant's medical needs.  (Id. ¶¶ 5, 13.)  According to the County policy, the OSEV form must be completed by the medical provider and returned to the County for the applicant to receive an accommodation.  (Id. ¶ 6.)

In April 2004, the Thills sent a letter to the County requesting a voucher for an apartment with a third bedroom.  (Id. ¶ 11, Ex. 2.)  This request was made to address the medical needs of Debra Thill, but the record is unclear as to the precise nature of her condition.  (Id. Exs. 2-4.)  The County sent an OSEV form to Debra Thill's identified medical providers: Dr. Thibault and Dr. Okerlund.  (Id. ¶ 11, Ex. 3.)  Dr. Thibault did not respond to the County's inquiry.  (Id. Ex. 3.)  Dr. Okerlund did complete and return the OSEV form, but indicated that Debra Thill's medical needs could be accommodated

satisfactorily within a two-bedroom apartment.  (<u>Id.</u> Ex. 4.)  Based upon this opinion, the Thills' request for a third-bedroom accommodation was denied.  (<u>Id.</u> ¶ 11.)

In March 2006, the Thills again requested the accommodation of a three-bedroom apartment voucher, this time to provide the space needed to accommodate exercise equipment.  (<u>Id.</u> Ex. 5; Thill Dep. Tr. at 14.)  Such equipment was required to address the medical needs of David Thill, who had been diagnosed with Ehlers-Danlos Syndrome.[1] (<u>Id.</u>)  In applying for this accommodation, Dr. Minenko was identified as David Thill's medical provider.  (Lueders Aff. Ex. 8.)  Dr. Minenko wrote a letter to the County stating that David Thill required additional living space to accommodate exercise equipment. (Thill Aff. Ex. 1.)  However, when two OSEV forms were sent to Dr. Minenko regarding this opinion, the forms were never returned.  (Lueders Aff. ¶ 12, Exs. 10-11.)  Because the County never received a completed OSEV form, a determination was never made regarding the Thills' second request for a three-bedroom apartment voucher.  (<u>Id.</u> ¶ 13.)

In October 2008, the Thills filled the instant action alleging discrimination in violation of the Americans with Disabilities Act ("ADA") and violation of Minnesota personal-injury law.  The County now moves for summary judgment on the ADA claim.

## STANDARD OF DECISION

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is

---

[1] Ehlers-Danlos Syndrome is a disease that "causes weakness in the connective tissue which supports the body."  <u>Drouin v. Sullivan</u>, 966 F.2d 1255, 1257 (9th Cir. 1992).

entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. Id. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

## ANALYSIS

### I.  ADA claims

Title II of the ADA prohibits public entities from discriminating in the provision of "services, programs, or activities" on the basis of disability. 42 U.S.C. § 12132.[2] To establish a violation of Title II, a plaintiff must demonstrate:

> 1) he is a qualified individual with a disability; 2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and 3) that

---

[2] The parties do not dispute that Title II of the ADA applies to public housing authorities administering Section 8 programs, such as the County.

such exclusion, denial of benefits, or other discrimination, was by reason of
his disability.

Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1998).

The Thills assert that the County violated Title II of the ADA when it failed to
provide them a three-bedroom apartment voucher.  Yet, they have failed to put forth any
evidence regarding the third required element of a Title II discrimination claim.
Specifically, there is no evidence that the Thills were denied a housing benefit (*i.e.*, a
three-bedroom apartment voucher) "by reason of" their disabilities.  Instead, they were
denied a three-bedroom apartment voucher in 2004 because of the lack of an OSEV form
indicating that such an accommodation was medically necessary.  In 2006, the Thills were
denied this same accommodation because of the failure of their medical provider to
complete and return the OSEV form.  Therefore, the requested accommodation was
denied in both instances for a reason unrelated to the Thills' disabled status.[3]  See Davis
v. Francis Howell Sch. Dist., 138 F.3d 754, 756 (8th Cir. 1998) (dismissing ADA claim
when there was no evidence that the disputed "action was taken because of [plaintiff's]
disability rather than because of [a generally applicable] policy").  Accordingly, the Thills
have failed to meet their burden.

---

[3] The Thills contend that the University of Minnesota, Dr. Minenko's employer, informed them
that Dr. Minenko never received the OSEV form in 2006.  (Thill Aff. ¶ 5.)  However, this
evidence constitutes hearsay that cannot be considered by this Court on summary judgment.
Brooks v. Tri-Systems, Inc., 425 F.3d 1109, 1111 (8th Cir. 2005).  Moreover, even if the
University of Minnesota did not receive the OSEV form, it remains that there exists no evidence
that the Thills were denied their requested accommodation because of their disabled status.

However, the Court's analysis does not end here. "Title II regulations require reasonable modifications in policies when necessary to avoid discrimination on the basis of disability, unless doing so would fundamentally alter the nature of the service or would create undue financial and administrative burdens." Id. at 756 (internal quotation marks and citations omitted). While the Thills do not expressly make such an argument, they may believe they are entitled to a modification of County policy requiring a completed OSEV form demonstrating that a requested accommodation is medically necessary.

To obtain a policy modification under the ADA, a plaintiff must demonstrate that the modification is "necessary to avoid discrimination on the basis of disability." Id. Here, the County's policy requiring a completed OSEV form demonstrating a medical need does not discriminate against, or have the effect of discriminating against, the Thills on the basis of their disabilities. In fact, the Thills do not assert that they were unable to comply with County policy because of their disabilities, and there is no evidence to this effect. Accordingly, a modification of the County's policy is not "necessary to avoid discrimination," but instead is only necessary to allow the Thills to sidestep an administrative requirement they could have complied with in this case.

Moreover, even if the Thills could link the requested policy modification to their disabled status, the County is not required to modify its policies and procedures when to do so would create "undue financial or administrative burdens, or require[] a fundamental alteration in the nature of the program." DeBord v. Bd. of Educ. of Ferguson-Florissant Sch. Dist., 126 F.3d 1102, 1106 (8th Cir. 1997). The County requires a completed OSEV

6

form in order to determine whether a requested accommodation is medically necessary and whether an alternative, less burdensome accommodation would meet the applicant's medical needs. (Lueders Aff. ¶¶ 5, 13.) A policy modification dispensing with the OSEV form would create a substantial financial and administrative burden, as it would require the County to seek out the additional, verified information it needs to make accommodation decisions on a case-by-case basis. See Davis, 138 F.3d at 757 (holding that a policy waiver would impose an undue financial and administrative burden when it would require defendant to conduct case-by-case inquiries); DeBord, 126 F.3d at 1106 (same). Accordingly, because the Thills have put forth no evidence that they were denied a housing benefit because of their disabilities, and because they cannot establish their entitlement to a policy modification, their ADA claim fails.[4]

## II. The Court declines to exercise supplemental jurisdiction over the Thills' state-law claim.

Having concluded that the Motion for Summary Judgment must be granted vis-à-vis the Thills' ADA claims, the Court's original jurisdiction has been extinguished. Pursuant to 28 U.S.C. § 1367(c)(3), the Court may, *sua sponte*, decline to exercise supplemental jurisdiction over a pendent state-law claim if it has dismissed all claims

---

[4] The Thills make three additional ADA claims. Specifically, they claim that the building in which the County operates its Section 8 housing program: (1) does not contain unisex bathrooms; (2) does not have properly marked public entrances; and (3) does not have the correct percentage of handicapped parking spaces. (Compl. ¶ 21.) The Thills have not responded to the County's Motion requesting summary judgment on these claims. Accordingly, there is nothing in the record indicating that any County public building lacks the required

over which it has original jurisdiction.  <u>Johnson v. City of Shorewood</u>, 360 F.3d 810, 819

(8th Cir. 2004).  When all federal claims are eliminated before trial, the balance of factors

to be considered in deciding whether to exercise supplemental jurisdiction over a pendent

state-law claim typically militates against exercising jurisdiction.  <u>Id.</u> (citing <u>Carnegie-

Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988)).  Based on Section 1367(c)(3) and

<u>Johnson</u>, the Court declines to exercise supplemental jurisdiction over the Thills' state-

law personal-injury claim.


## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, it is

**ORDERED** that the County's Motion for Summary Judgment (Doc. No. 37) is

**GRANTED**.  The Thills' ADA claims (Compl. ¶ 21) are **DISMISSED WITH**

**PREJUDICE** and their state-law personal-injury claim (Compl. ¶ 21) is **DISMISSED**

**WITHOUT PREJUDICE**.[5]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: March 26, 2010                          s/Richard H. Kyle
                                               RICHARD H. KYLE
                                               United States District Judge

---

bathroom facilities, has improperly marked public entrances, or lacks the requisite amount of
handicapped parking spaces.  Therefore, these claims will be dismissed.

[5] <u>See</u> 28 U.S.C. § 1367(d).